J. S63013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| QUASHEAM RICHBURG, | : | No. 3252 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 28, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010714-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 20, 2016**

Quasheam Richburg appeals, ***pro se***, from the order of August 28,

2015, dismissing his PCRA[1] petition.  We affirm.

The PCRA court has summarized the history of this matter as follows:

> On June 17, 2013, [appellant] voluntarily,
> intelligently, and knowingly entered a negotiated
> guilty plea to the charges of Murder of the Third
> Degree (F1), Robbery (F1), Conspiracy to Commit
> Robbery (F1), Carrying Firearms Without a License
> ("VUFA § 6106") (F3), and Possession of Instrument
> of Crime (M1) on bill of information CP-51-CR-
> 0010714-2011.[2][Footnote 1] Following the plea,
> this court sentenced [appellant] to the negotiated

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1)(i), 903, 6106(a)(1), and 907(a),
respectively.

aggregate sentence of 30-60 years of incarceration. [Footnote 2]

[Footnote 1] [Appellant] also entered a negotiated guilty plea to the charge of VUFA § 6106 (F3) on bill of information <u>CP-51-CR-0004625-2011</u>.[3]

[Footnote 2] [Appellant] filed a post-sentence motion pertaining to his custodial placement for medical treatment, which this court granted on June 18, 2013.

On May 28, 2014, [appellant] filed the instant PCRA petition. PCRA counsel was appointed and, on April 24, 2015, counsel filed a **Finley**[Footnote 3] Letter. The matter was first listed before this court for decision on June 19, 2015. On June 19, 2015, following a review of the record, this court sent [appellant] a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). This court did not receive any response to the 907 Notice. On August 28, 2015 this court dismissed the PCRA petition.

[Footnote 3] [**Commonwealth**] **v. Finley**, 550 A.2d 213, 215 (Pa.Super. 1988) [(**en banc**)].[4]

Trial court opinion, 8/28/15 at 1-2 (underlining emphasis in original). On

August 28, 2015, appellant's PCRA petition was dismissed and appointed

counsel, Mitchell S. Strutin, Esq., was granted leave to withdraw. A timely

---

[3] The charges related to the May 26, 2011 murder of Moustafa H. Shaker, a grocery store clerk. During the course of a robbery perpetrated by appellant and his co-defendant, Marvell Hargrove ("Hargrove"), appellant shot the victim in the head with a 12-gauge shotgun. Hargrove pled guilty to third-degree murder, robbery, and criminal conspiracy, and was sentenced to 20-40 years' imprisonment.

[4] **See also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

*pro se* notice of appeal was filed on September 24, 2015. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on November 6, 2015, the PCRA court filed an opinion.

Appellant has raised the following issues for this court's review:

I.  Whether a remand is warranted because the PCRA court erred in allowing [Attorney Strutin] to withdraw from appellant's case by filing a [***Turner/Finley***] letter, and to give appellant the opportunity with effective counsel to develop [the] claim concerning the firing and charges brought against lead detective Ron Dove for corruption, who was responsible for gathering evidence against appellant?

II. Whether the PCRA court erred by dismissing appellant's ineffective assistance of trial counsel claim without holding a hearing based on issues of corruption charges against the lead detective Ron Dove who was responsible for collecting crucial evidence that led to the charging of appellant?

III. Whether a remand is warranted to allow appellant the appointment of counsel, to determine if appellant was capable of intelligently and knowingly entering into a guilty plea due to his physical status, i.e., [in the] days and weeks leading up to [the] plea appellant had numerous surgeries for lympho gland cancer which he was receiving chemotherapy for, and was heavily medicated?

Appellant's brief at 1 (capitalization omitted).

"When reviewing an order [granting or] denying PCRA relief, we must determine whether the PCRA court's determination is supported by the

record and is free from legal error." ***Commonwealth v. Poplawski***, 852

A.2d 323, 327 (Pa.Super. 2004) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Commonwealth v. Turetsky***, 925 A.2d 876, 882 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007), quoting ***Commonwealth v.***

***Khalifah***, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

> To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

***Commonwealth v. Malloy***, 856 A.2d 767, 781 (Pa. 2004) (citations

omitted). "We presume counsel is effective and place upon Appellant the

burden of proving otherwise. Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Poplawski**, 852 A.2d at 327 (citations omitted).

In his first issue on appeal, appellant alleges that appointed PCRA counsel, Attorney Strutin, was ineffective. (Appellant's brief at 6-7.) As the Commonwealth recognizes, this claim is being presented for the first time on appeal. (Commonwealth's brief at 6 n.3.) Appellant did not file any response to counsel's **Turner**/**Finley** letter or a response to the PCRA court's Rule 907 notice. (**Id.**) Appellant cannot raise allegations of counsel ineffectiveness for the first time on appeal and was required to raise them within 20 days following Rule 907 notice. **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009). Therefore, appellant's allegation of PCRA counsel's ineffectiveness is deemed waived. Furthermore, counsel complied with the requirements for withdrawal as set forth in **Turner**/**Finley**, and the PCRA court determined that there were no potentially meritorious issues which could be raised in a counseled amended PCRA petition.[5]

---

[5] Appellant claims that due to his medical condition, he was unable to file a response to Rule 907 notice. (Appellant's brief at 9.) However, we note that appellant was able to file a timely **pro se** PCRA petition, notice of appeal, and a brief. Nor did appellant request an extension of time within which to file a response to Rule 907 notice due to his medical condition. At any rate, the underlying issue, that unrelated allegations of criminal wrongdoing against one of the investigating officers in appellant's case warrants PCRA relief, is patently without merit for the reasons discussed **infra**.

Next, appellant claims that he should be allowed to withdraw his plea on the basis of after-discovered evidence.[6]

> To obtain relief based upon newly-discovered evidence under the PCRA, a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004), citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 94 (Pa. 1998) (additional citation omitted).

Appellant relies on a March 3, 2014 newspaper article concerning Detective Ronald Dove, who investigated appellant's case. (PCRA petition,

---

[6] We recognize that appellant pled guilty rather than choosing to go to trial. Ordinarily, a plea of guilty waives all defects and defenses except lack of jurisdiction, legality of the sentence, and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008) (citation omitted). However, in *Commonwealth v. Peoples*, 319 A.2d 679 (Pa. 1974), the Pennsylvania Supreme Court held that an after-discovered evidence claim is available to a defendant who pleads guilty.

> We are of the opinion that any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. It would be incongruous to allow a defendant a new trial on the basis of after-discovered evidence when he has already had one trial, but to deny him a new trial on the basis of such evidence merely because he had originally decided not to go to trial, but plead guilty, perhaps because he did not have the additional evidence.

*Id.* at 681.

5/28/14, Exhibit B; Docket #D7.) According to the article, Detective Dove was fired from the Philadelphia police force amid allegations that he helped his girlfriend, Erica Sanchez, flee the city after she murdered her ex-boyfriend. (*Id.*) The newspaper article, in and of itself, is not "evidence." Furthermore, there is no allegation that Detective Dove acted improperly in investigating appellant's case. As the PCRA court observed, "the allegations against Detective Dove are confined to conduct stemming from a personal matter and are not averments of widespread corruption." (PCRA court opinion, 8/28/15 at 5.) Although appellant alleged that Detective Dove was "not providing credible information," he failed to specify what misleading information Detective Dove provided. (*Id.*) Recently, this court addressed a similar issue relating to an after-discovered evidence claim based on the allegations surrounding Detective Dove:

> We acknowledge that in [***Commonwealth v. Castro***, 93 A.3d 818, 821 (Pa. 2014)], our Supreme Court held that allegations in a newspaper article "do not constitute evidence" and thus, were not sufficient to support a motion for an evidentiary hearing or a new trial. The Supreme Court specifically stated:
>
>> [a]llegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation. Nothing in these allegations even read in the broadest sense, can be described as "evidence," and references to the officer being under investigation for misconduct contains no information regarding what evidence existed to substantiate this averment. One cannot glean from these bald allegations what

> evidence of misconduct appellee intended to produce at the hearing.
>
> > *Castro*, [] 93 A.3d at 825. As "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim," the Supreme Court concluded that Castro "needed to do more than present an article pointing to allegations that if true have the potential to aid his cause; he needed to clearly articulate in his motion what evidence he would present to meet the test." *Id.* at [] 828.
>
> *Commonwealth v. Brown*, 134 A.3d 1097, 1108-1109 (Pa.Super. 2016).
>
> > With respect to the allegations regarding Detective Dove, Appellant solely relies on the newspaper article reporting on Dove's possible misconduct and does not articulate what evidence he would present at the evidentiary hearing on remand. In accordance with *Castro*, the article concerning Detective Dove does not constitute after-discovered evidence that entitles Appellant to a new trial.
>
> *Id.* at 1109.

In addition, as the Commonwealth points out, the only conceivable purpose in presenting Detective Dove's alleged misconduct in an unrelated matter would be to impeach his credibility. (Commonwealth's brief at 7.) As such, appellant has not shown that he is entitled to PCRA relief by presenting after-discovered evidence that will not be used solely to impeach a witness's credibility. *D'Amato*, 856 A.2d at 823.

Moreover, the evidence in appellant's case was overwhelming. Appellant's accomplice, Hargrove, gave a statement to police implicating appellant as the gunman. (Notes of testimony, 6/17/13 at 40-42.)

Appellant also gave a statement in which he admitted that he shot the victim with a 12-gauge shotgun. (*Id.* at 42-43.) Video surveillance from the store showed appellant shooting the victim while Hargrove took money from the cash register. (*Id.* at 43.) An eyewitness, an employee of the store who was present during the robbery, identified appellant and Hargrove as the perpetrators. (*Id.* at 44.) Therefore, appellant cannot possibly show that the proffered "evidence" of Detective Dove's alleged misconduct would lead to a different result. Appellant's after-discovered evidence claim fails.

Finally, appellant argues that trial counsel was ineffective for not recognizing that due to appellant's serious medical condition, appellant was unable to enter a knowing, voluntary, and intelligent plea. (Appellant's brief at 10.) According to appellant, he had recently undergone several medical procedures related to head and neck cancer and was receiving chemotherapy and radiation treatment. (*Id.*) Appellant claims that he was heavily medicated at the time he entered his plea which inhibited his ability to understand what was taking place. (*Id.*)

This issue is being raised for the first time on appeal and is deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." (quotation marks and citations omitted)); 42 Pa.C.S.A. § 9544(b). Furthermore, the record reflects that plea counsel and the trial court were well aware of appellant's medical condition and the

issue was discussed thoroughly during the plea proceedings. (Notes of testimony, 6/17/13 at 3-12, 25-26, 31.) Appellant testified that he was satisfied with counsel's representation and that his medications did not affect his ability to understand the proceedings. (*Id.* at 23, 26.) "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003) (citation omitted). Essentially, appellant pled guilty to third-degree murder to avoid a possible death sentence. There is no merit here.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016