Commonwealth *v.* Peoples, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael J. Stack, Jr., Christian T. Mattie, III,* and *O'Halloran, Stack & Smith, P. C.,* for appellant.

*Judith Dean* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant Dis-

trict Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 23, 1974:

Appellant, Roosevelt Peoples, was indicted for carrying a concealed deadly weapon, unlawfully carrying a firearm and murder. On September 20, 1972, appellant, represented by counsel, entered a guilty plea to a general charge of murder and was found guilty of murder in the second degree. The other indictments were nolle prossed. No direct appeal was taken from the judgment of sentence. On January 31, 1973, appellant filed a Post Conviction Hearing Act petition. A hearing on the petition was held and it was denied. This appeal followed.

Appellant first alleges that the Post Conviction Hearing Act court erred in not allowing him to withdraw his guilty plea on the basis of after-discovered evidence, consisting of the testimony of a witness who, appellant contends, would testify that the killing was done in self-defense. The Commonwealth first contends that, as a matter of law, the presence of such evidence alone should not entitle appellant to withdraw his guilty plea.

In numerous cases, most recently in *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973), we held that a court should allow the withdrawal of a guilty plea after sentencing to correct a manifest injustice to the defendant. The first issue thus presented by the case is whether a defendant has met the requirements of *Starr, supra,* if he has produced after-discovered evidence which would have entitled him to a second trial if he had gone to trial originally rather than pleading guilty. We are of the opinion that any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. It would be incongruous to allow a defendant a new trial

on the basis of after-discovered evidence when he has already had one trial, but to deny him a new trial on the basis of such evidence merely because he had originally decided not to go to trial, but plead guilty, perhaps because he did not have the additional evidence.

In *Commonwealth v. Bulted,* 443 Pa. 422, 279 A.2d 158 (1971), we quoted *Commonwealth v. Schuck,* 401 Pa. 222, 164 A.2d 13 (1960), wherein we set forth the standard for the grant of a new trial on the basis of after-discovered evidence: "In order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result." At Page 229.

The question thus becomes, has appellant met this standard? The Commonwealth argues that appellant did not show that the evidence, testimony of Joseph Garnett, could not have been obtained earlier if appellant had exercised due diligence. Appellant and his counsel did employ a private investigator to locate Garnett, but since appellant did not know Garnett by name, the investigator could not find him. The Commonwealth argues that since the name of the missing witness was mentioned in a statement given by Dennis Camps, another Commonwealth witness, that proves appellant was not diligent. However, Camps' statement was not available to appellant, nor could he have used pretrial discovery to obtain it. See Pennsylvania Rule of Criminal Procedure 310, adopted June 30, 1964, effective January 1, 1965. The first time the Camps' statement was made available was at the time the guilty plea was offered and we do not believe that the fact that Garnett's name was not recognized at that time indicates a lack of diligence on the part of appellant.

The Commonwealth next argues that Joseph Garnett's testimony would not be likely to compel a different result. Appellant contends that Garnett's testimony would have proved that the killing in the instant case was done in self-defense, thus excusing appellant from criminal liability. We have examined the testimony of Joseph Garnett given at appellant's Post Conviction Hearing Act hearing and we agree with the Commonwealth. Mr. Garnett's testimony, in its relevant portions, was as follows: "A. [The victim] appeared like he was preparing himself for a fight or something. Or either he was going to—looked like he was reaching for something. I don't know. Could have been a match or cigarette. I don't know because by that time I had backed up. Q. Was his hand reaching for his clothing? A. He had a coat on. Q. He had a coat on. And was his hand going for the inside of the coat? A. He's going in that direction. Q. It was going in that direction. Now did you at any time see a gun that belonged to [the victim]? A. No, I didn't see no gun. Q. Before or after the shooting, you didn't see any gun at all? A. No, I didn't see no gun."

This ambiguous testimony could hardly be said to prove that appellant was in reasonable fear for his life when he shot the decedent, and thus falls far short of establishing self-defense in this case. It would not even prove that appellant was acting out of an unreasonable fear so as to be entitled to a verdict of voluntary manslaughter. Moreover, the statements of several eyewitnesses establish that the killing was not done in self-defense, and the post-mortem report established that the decedent died of numerous gunshot wounds, all of which, while not conclusive, would indicate that the killing was not done in self-defense. We, therefore, conclude that appellant's evidence has not met the test laid out for obtaining a new trial on the basis of after-discovered evidence.

Appellant also contends that his guilty plea was not knowingly and intelligently made. An examination of the record indicates that the judge, before accepting appellant's guilty plea, conducted a full colloquy on the record in which appellant indicated that he understood the consequences of his plea. In addition, at appellant's Post Conviction Hearing Act hearing, his trial counsel testified that he had told appellant that he could have a jury trial if he desired, but, after a thorough discussion of the consequences, appellant elected to plead guilty. Consequently, the trial court was correct in finding that appellant's guilty plea was knowingly and voluntarily entered. See *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A.2d 448 (1971).

Order affirmed.

Mr. Chief Justice JONES concurs in the result.

Mr. Justice EAGEN concurs in the result.

Mr. Justice NIX concurs in the result.