J-S47020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CAROL LEIDY, | |
| Appellee | No. 2173 EDA 2013 |

Appeal from the Order Entered July 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010504-2011

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:          **FILED NOVEMBER 25, 2014**

The Commonwealth of Pennsylvania appeals from the order entered on July 3, 2013, which granted Carol Leidy's Post-Conviction Collateral Relief Act ("PCRA") petition, vacated Ms. Leidy's judgment of sentence, and remanded the case for a new trial.  We vacate the trial court's order and remand.

On September 24, 2012, Ms. Leidy entered a negotiated guilty plea to one count of possession of a controlled substance with the intent to deliver ("PWID").[1]  During the guilty plea colloquy, Ms. Leidy acknowledged that her guilty plea was based upon the following facts:

> The facts that the Commonwealth would have presented at
> trial are, that on August [18, 2010], [Philadelphia Police

---

[1] 35 P.S. § 780-113(a)(30).

O]fficers from the Narcotic Field Unit initiated a controlled buy from a property at 2931 South Sydenham Street in South Philadelphia. At that time Officer [Michael] Spicer, who was acting in an undercover capacity[,] went to 2931 South Sydenham Street with the intent of purchasing pills from a person who had been described to him as a white female, approximately 45 to 50 years old, with blonde hair, named Carol. Officer Spicer went with a confidential informant to 2931 South Sydenham Street, at which time [Ms. Leidy] answered the door and retrieved a large amber pill bottle and turned it over to Officer Spicer in exchange for money. [Ms. Leidy] stated to Officer Spicer at that time, ["]if you need more I have plenty, just let me know.["] The pills that were turned over to Officer Spicer were 200 pills of what later tested positive for methadone, a [S]chedule II controlled substance. The weight of those 200 pills was 40.69 grams. Also turned over to Officer Spicer [were] 60 pills of amphetamine, also [a S]chedule II controlled substance. And the weight of those 60 pills was 14.43 grams.

After that controlled buy, . . . officers obtained a search and seizure warrant for the property at 2931 South Sydenham Street. It was executed the same day at approximately 6:40 [p.m.] and [Ms. Leidy] was inside of the house at the time the warrant was issued and she was positively identified by [O]fficer Spicer. Recovered from inside of the house on the second floor front bedroom was one amber pill bottle, containing 476 methadone pills with the name of a person other than [Ms. Leidy on the label]. And those 476 pills had a total weight of 95.65 grams. Also recovered in that bedroom was one bottle containing 84 methadone pills[,] a total weight of those pills was 16.73 grams. Also recovered was another bottle containing 595 methadone pills, another bottle containing 10 pills of what later tested positive for amphetamines, and another bottle containing 75 pills of what later tested positive for temazepam[, a Schedule IV controlled substance. I]n another bedroom was found one clear Ziploc bag containing what later tested positive for marijuana, total weight 26.6 grams. Also recovered from inside of the house was mail in the name of [Ms. Leidy]. The total weight of the [S]chedule II controlled substances . . . was over 100 grams. . . .

N.T. Guilty Plea, 9/24/12, at 11-14.

After Ms. Leidy acknowledged the above-summarized facts, the trial court conducted the remainder of the plea colloquy and then sentenced Ms. Leidy in accordance with the negotiated term of 11 ½ to 23 months of house arrest, followed by eight years of reporting probation. *Id.* at 18. Ms. Leidy did not file a direct appeal from her judgment of sentence and her judgment of sentence thus became final, for PCRA purposes, on October 25, 2012. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3).

On January 22, 2013, Ms. Leidy filed a timely, counseled PCRA petition, wherein Ms. Leidy claimed that she was entitled to a new trial because of certain after-discovered evidence. Specifically, Ms. Leidy claimed that she had recently become aware of two newspaper articles, which declared that a group of Philadelphia Police Officers in the Narcotics Field Unit had been accused of work-related illegality and that "[t]he District Attorney of the City of Philadelphia, Seth Williams, has stated that he will no longer use the officers as witnesses, accept charges, or approve search warrants in narcotics cases in which [the accused officers] were involved." PCRA Petition, 1/22/12, at 1-2. Ms. Leidy claimed that some of the accused officers "were involved in [her] case." *Id.* at 1.

Within her PCRA petition, Ms. Leidy did not plead that the officers committed misconduct in her case. *See id.* at 1-2. Instead, Ms. Leidy claimed only that the officers' loss of credibility and the District Attorney's internal policy – refusing to "use the officers as witnesses, accept charges,

or approve search warrants in narcotics cases in which [the accused officers were involved" – constituted "after-discovered evidence," which entitled Ms. Leidy to relief under Section 9543(a)(2)(vi) the PCRA. *Id.* Ms. Leidy thus requested that the PCRA court vacate her judgment of sentence, allow her to withdraw her plea, and remand the case for a new trial. *See id.* at 2.

On June 19, 2013, the PCRA court held a hearing on Ms. Leidy's petition, during which time Ms. Leidy testified on her own behalf. During the PCRA hearing, Ms. Leidy denied that she sold controlled substances on August 18, 2010 and further denied that she possessed controlled substances in her residence on that date. *See* PCRA Hearing, 6/19/13, at 8 - 74. Again, however, Ms. Leidy did not specify misconduct by any of the now-discredited officers who were involved in her case.

Further, during the PCRA hearing, the Commonwealth presented the testimony of Philadelphia County Assistant District Attorney Paul Reddel. ADA Reddel was the district attorney who represented the Commonwealth during the underlying prosecution of Ms. Leidy. ADA Reddel testified that Philadelphia Police Officers Tom Liciardello and Michael Spicer were involved in Ms. Leidy's arrest, that there are allegations of illegality against Officers Liciardello and Spicer, and that, because of the allegations against Officers Liciardello and Spicer, the District Attorney's Office "doesn't call [] Officer Liciardello, Spicer, and the rest of that team" to testify for the Commonwealth. *Id.* at 91. Counsel for Ms. Leidy did not ask ADA Reddel

whether the Commonwealth could have proved its allegations against Ms. Leidy through witnesses other than Officers Liciardello and Spicer.

Following the presentation of the evidence, Ms. Leidy's counsel admitted that she did not adduce any "evidence of specific misconduct in this case." *Id.* at 105. Nevertheless, counsel argued that Ms. Leidy was entitled to PCRA relief because of the "after-discovered fact" that "the District Attorney's Office doesn't use these cops" at trial and that District Attorney "Seth Williams said these guys are not credible." *Id.*

On July 3, 2013, the PCRA court entered an order that granted Ms. Leidy post-conviction collateral relief, vacated her judgment of sentence, and remanded the case for a new trial. PCRA Court Order, 7/3/13, at 1. As the PCRA court explained:

> The after-discovered evidence is the fact that the District Attorney's Office is no longer calling the police officers who were involved in this case as witnesses. The evidence could not be obtained before trial. It is not cumulative and it is not solely for impeachment. And is of such a nature and character that a different disposition would be likely.
>
> So I'm granting this petition. I'm vacating the conviction and the sentence and I would grant a new trial.

N.T. Oral Argument, 7/3/13, at 6-7.

The Commonwealth filed a timely notice of appeal and now raises the following claims to this Court:

> [1.] Did the PCRA court err in granting [Ms. Leidy] a new trial where[] as a matter of law[, Ms. Leidy's] guilty plea precluded a claim of [after-]discovered evidence on collateral review[?] . . .

- 5 -

[2.] Did the PCRA court err in granting [Ms. Leidy] a new trial where . . . [Ms. Leidy] failed to prove that the evidence in question is exculpatory, existed prior to the plea, is not limited to impeachment, would have changed the outcome, and would make a different verdict likely on retrial?

Commonwealth's Brief at 3.

As we have stated, "[o]ur standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011). "In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "We may affirm a PCRA court's decision on any grounds if it is supported by the record." *Id.*

We conclude that the Commonwealth's first claim on appeal is meritless, but that the Commonwealth's second claim on appeal entitles it to relief and mandates that we vacate the PCRA court's order.

According to the Commonwealth's first argument on appeal, the PCRA court "applied the wrong legal standard" to Ms. Leidy's claim. Commonwealth's Brief at 11. In particular, the Commonwealth argues that Ms. Leidy's guilty plea foreclosed her ability to raise an "after-discovered evidence" claim during post-conviction collateral relief proceedings. *Id.* As the Commonwealth argues, "[t]o the extent that the instant claim could

have been entertained at all, it should have been reviewed under the manifest injustice standard, not the more lenient PCRA standard for [after]-discovered evidence." ***Id.***

The Commonwealth's argument fails. Our Supreme Court has previously held that a petitioner may obtain post-conviction collateral relief upon an "after-discovered evidence" claim even where the petitioner has pleaded guilty before the trial court.

In ***Commonwealth v. Peoples***, 319 A.2d 679 (Pa. 1974), the petitioner filed a Post-Conviction Hearing Act ("PCHA")[2] petition, requesting that the PCHA court allow him to withdraw his guilty plea because of after-discovered evidence. The Commonwealth opposed the petition by arguing that "as a matter of law, the presence of such [after-discovered] evidence alone should not entitle [the petitioner] to withdraw his guilty plea" – but that the petitioner must, instead, be forced to meet the "manifest injustice" threshold for withdrawing a guilty plea. ***Peoples***, 319 A.2d at 680. Our Supreme Court rejected the Commonwealth's argument and held:

> In numerous cases, most recently in ***Commonwealth v. Starr***, 301 A.2d 592 (Pa. 1973), [the Supreme Court has] held that a court should allow the withdrawal of a guilty plea after sentencing to correct a manifest injustice to the defendant. The first issue thus presented by the case is whether a defendant has met the requirements of ***Starr*** . . . if he has produced after-discovered evidence which would have entitled him to a second trial if he had gone to trial

---

[2] The PCHA was the statutory predecessor of the PCRA.

originally rather than pleading guilty. [The Supreme Court is] of the opinion that any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. It would be incongruous to allow a defendant a new trial on the basis of after-discovered evidence when he has already had one trial, but to deny him a new trial on the basis of such evidence merely because he had originally decided not to go to trial, but plead guilty, perhaps because he did not have the additional evidence.

*Peoples*, 319 A.2d at 681.

Thus, *Peoples* holds that, where a post-conviction collateral relief petitioner seeks to withdraw her plea based upon after-discovered evidence, the ability of the petitioner to satisfy the after-discovered evidence standard means that the petitioner is, *ipso facto*, able to satisfy the manifest injustice standard.

Within the Commonwealth's brief to this Court, the Commonwealth acknowledges *Peoples* and the legal edict contained within that opinion. Nevertheless, according to the Commonwealth, we should not follow *Peoples* because its reasoning is "erroneous." Commonwealth's Brief at 13-14. Yet, we have no authority to overrule our Supreme Court. *See*, *e.g.*, *Preiser v. Rosenzweig*, 614 A.2d 303, 306 (Pa. Super. 1992) ("[a]s an intermediate appellate court, we are not free to disregard the existing law of this Commonwealth and the decisions of our [S]upreme [C]ourt"). Therefore, since our High Court has held that a post-conviction collateral relief petitioner, who pleaded guilty before the trial court, may obtain relief

based upon after-discovered evidence, the Commonwealth's first claim on appeal fails as a matter of law.

For the Commonwealth's second claim on appeal, the Commonwealth claims that – even if the PCRA court were correct to view Ms. Leidy's claim under the "after-discovered evidence" standard – the PCRA court erred when it granted Ms. Leidy relief. We agree.

Under the PCRA, to be entitled to post-conviction collateral relief upon a claim of after-discovered evidence, the petitioner must plead and prove that her conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). As our Supreme Court has held, Section 9543(a)(2)(vi) is satisfied where the PCRA petitioner establishes that:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Washington**, 927 A.2d 586, 595 (Pa. 2007); **see also Commonwealth v. Abu-Jamal**, 720 A.2d 79, 94 (Pa. 1998). Moreover, "the proposed new evidence must be producible and admissible." **Commonwealth v. Smith**, 17 A.3d 873, 887 (Pa. 2011).

In this case, the PCRA court held that "the fact that the District Attorney's Office is no longer calling the police officers who were involved in this case as witnesses" constituted "after-discovered evidence" under the

PCRA and entitled Ms. Leidy to post-conviction collateral relief.[3]  The PCRA court reasoned that, **if** Ms. Leidy's trial had occurred **after** the District Attorney's new internal policy went into effect, **the effect of the policy** would have been that the Commonwealth would not have presented the testimony of Officers Liciardello and Spicer.  According to the PCRA court, if the Commonwealth would not have presented the testimony of these two officers, "the Commonwealth would not [have been] able to present any evidence to prove the charges against [Ms. Leidy]."  Therefore, the PCRA court held, Ms. Leidy was entitled to relief under the PCRA.  Trial Court Opinion, 12/11/13, at 6.

We respectfully disagree with the PCRA court's analysis and conclusion.  At the outset, the PCRA court is incorrect to conclude that, if the Commonwealth would not have presented the testimony of these two officers, "the Commonwealth would not [have been] able to present any evidence to prove the charges against [Ms. Leidy]."  PCRA Court Opinion, 12/11/13, at 6.  Certainly, within Ms. Leidy's guilty plea colloquy, Ms. Leidy acknowledged that – when Officer Spicer initially purchased controlled

_____

[3] In resolving this claim, we focus on the testimony of ADA Reddel and not the newspaper articles Ms. Leidy has attached to her PCRA petition, as our Supreme Court has recently held that newspaper articles do not constitute after-discovered evidence.  **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014).  Nevertheless, since ADA Reddel testified that the District Attorney's Office "doesn't call [] Officer Liciardello, Spicer, and the rest of that team" to testify for the Commonwealth, we may consider Ms. Leidy's claim.  PCRA Hearing, 6/19/13, at 91.

substances from her on August 18, 2010 – Officer Spicer was accompanied by a confidential informant. N.T. Guilty Plea, 9/24/12, at 12. Since the confidential informant could have testified to the controlled purchase – and since the confidential informant's testimony could have supported a PWID conviction – the PCRA court is incorrect to conclude that, if the Commonwealth would not have presented the testimony of Officers Liciardello and Spicer, "the Commonwealth would not [have been] able to present **any** evidence to prove the charges against [Ms. Leidy]." PCRA Court Opinion, 12/11/13, at 6. (Emphasis supplied).

Secondly, even if the confidential informant did not exist, the PCRA court's conclusion and reasoning would still be incorrect. Certainly, **the effect** of the Philadelphia County District Attorney's decision to "no longer call[] the police officers who were involved in this case as witnesses" cannot satisfy the PCRA's after-discovered evidence standard, as **the effect** does not constitute "evidence" at all.[4] Rather, it is simply a consequence of a new internal policy of the District Attorney's Office. The effect of the policy does not constitute testimony, a document, or a tangible object that may be admitted at trial – and, therefore, the effect of the internal policy does not

_____

[4] Indeed, in this case, the theoretical "effect" of the District Attorney's internal policy is entirely conjectural, as Ms. Leidy pleaded guilty before the new internal policy was created. Moreover, (even if the Commonwealth chooses to follow its own internal policy) the new internal policy operates by **omitting** certain potential evidence.

constitute evidence. ***See***, ***e.g.***, ***Smith***, 17 A.3d at 887 (to satisfy the after-discovered evidence standard, "the proposed new evidence must be producible and admissible"). The PCRA court thus erred in concluding that the effect of "the fact that the District Attorney's Office is no longer calling the police officers who were involved in this case as witnesses" entitles Ms. Leidy to relief under Section 9543(a)(2)(vi) of the PCRA.

We are cognizant of the fact that we may affirm a PCRA court's order on any basis. ***See Rivera***, 10 A.3d at 1279. However, nothing in Ms. Leidy's PCRA petition entitles her to relief. First, as our Supreme Court has recently held, the newspaper articles, by themselves, cannot satisfy the PCRA's after-discovered evidence standard. ***Castro***, 93 A.3d at 827 ("allegations [in a newspaper article] . . . are merely one reporter's version of a story; indeed, [such allegations are] double hearsay, as [they are] the reporter relaying what he or she has been told by another person. . . . [The newspaper] article itself is not evidence . . . the article contains allegations that suggest such evidence may exist").

Second, any claim that the allegations against Officers Liciardello and Spicer constitute "after-discovered evidence" because Ms. Leidy could have used the allegations to attack the officers' credibility also fails, as the PCRA does not allow for relief upon an "after-discovered evidence" claim, where the evidence is being used solely to impeach credibility. ***See Washington***, 927 A.2d at 595; ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa. Super. 2010) ("a defendant seeking a new trial must demonstrate he will not

use the alleged after-discovered evidence solely to impeach the credibility of a witness").

Finally (and similarly), the actual "fact" that "the District Attorney's Office is no longer calling the police officers who were involved in this case as witnesses" does not entitle Ms. Leidy to relief under Section 9543(a)(2)(vi) of the PCRA because, even if the "fact" were admissible at trial, the fact would only be admissible to impeach the officers' credibility. Thus, "the fact that the District Attorney's Office is no longer calling the police officers who were involved in this case as witnesses" cannot satisfy the PCRA's after-discovered evidence standard. *See Washington*, 927 A.2d at 595; *Padillas*, 997 A.2d at 365.

We thus vacate the PCRA court's order and remand.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014