J-S06028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS PEREZ | : | |
| | : | |
| Appellant | : | No. 1704 EDA 2018 |

Appeal from the PCRA Order May 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010665-2011

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED SEPTEMBER 12, 2019**

I agree with my learned colleagues that Appellant is not entitled to relief on his ineffective assistance of counsel claims. However, I do not agree with the majority's conclusion that a remand is necessary because Appellant established a genuine issue of fact relevant to his after-discovered evidence claim, such that the PCRA court erred when it dismissed Appellant's petition without a hearing. I believe that the substance of Appellant's claim does not constitute after-discovered evidence, and even if it did, it would not be enough to justify allowing Appellant to withdraw his guilty plea. Thus, I would affirm the PCRA court's order dismissing the PCRA petition without a hearing. Accordingly, I respectfully dissent.

At Appellant's guilty plea hearing, Appellant acknowledged that his plea was based upon the following facts:

On April 15th, 2011[,] the two defendants Angel Suarez, Jr. and [Appellant] went to the 3,000-block of Water Street here in Philadelphia in search for Angel Suarez [Vargas], Sr., the [co-] defendant's father.

. . . .

When they arrived on the block, they did find Angel Suarez Vargas and engaged him in a physical altercation. During that altercation both defendants physically fought Angel Suarez Vargas. Another individual on the block by the name of Ian Wolbert saw the fight and jumped into the fight to help Angel Suarez Vargas.

After the fight stopped, the two defendants left the same way they arrived, in a burgundy Honda Accord with a black primer door. About 10 minutes later the two defendants returned in the same burgundy Honda Accord. This time both had firearms. The two defendants saw both Ian Wolbert and Angel Suarez Vargas and chased them, and both fired their guns in the direction of Ian Wolbert and Angel Suarez Vargas. One of those bullets struck a 46-year-old female by the name of Sandra Laboy in her back. Her body was transported to Temple Hospital where she was pronounced dead. Her remains were taken to the medical examiner's office where she was examined by Dr. Sam Gulino. The cause of death was a gunshot wound to her back, and he concluded to a reasonable degree of scientific certainty that the manner of death was homicide.

. . . .

Homicide investigators interviewed a number of witnesses in the neighborhood who described four individuals in a fight, described two Hispanic males leaving in a burgundy Honda Accord and describe[d] those same two individuals as coming back and firing guns on the block. Some of those witnesses were able to identify Ian Wolbert and Angel Suarez Vargas by photo spread but were unable to identify the two defendants seated at the bar of the court.

Based on this information[,] on April 17th, 2011[,] members of the Homicide Unit interviewed Ian Wolbert who provided a statement identifying Angel Suarez Vargas as the person he helped, and also telling Homicide that when the defendants had left the scene

initially Angel Suarez Vargas told Ian Wolbert that one of those people was his son.

On May 2nd, 2011 Angel Suarez Vargas was interviewed by Homicide, provided a statement detailing what I have just said, and identified both defendants as the defendants who were shooting guns on the 3,000-block of Water Street. Those two defendants were placed in photo spreads and on May 3rd, 2011 both were identified by Wolbert.

On May 11th, 2011[,] affidavits and arrest warrants were generated for both defendants. On May 23rd, 2011 Angel Suarez was arrested on the 2,000-block of North 7th Street and after being provided his [**Miranda**] warnings did provide a statement to Homicide admitting to his participation in the offense.

On May 31st, 2011[,] at the intersection of Kensington and Allegheny[,] [Appellant] was arrested during a routine traffic stop. During that stop officers had recognized [Appellant] as wanted for murder. [Appellant] attempted to flee from the car but was apprehended a short distance away.

N.T. Guilty Plea, 7/1/13, at 60-63.

At the conclusion of the summary, Appellant agreed that it was "a fair account of what happened" and that he was pleading guilty because he was guilty. *Id*. at 64-65. Following the plea, the trial court sentenced Appellant to an aggregate sentence of twenty to forty years of imprisonment. Appellant did not file a post-sentence motion or a direct appeal. On June 30, 2014, Appellant filed the instant PCRA petition. In it he alleged the existence of after-discovered evidence in the form of an unsworn June 26, 2014 statement signed by his co-defendant, claiming that Appellant is innocent.

Pursuant to the PCRA, to be entitled to relief upon a claim of after-discovered evidence, the petitioner must plead and prove that his conviction or sentence resulted from "[t]he unavailability at the time of trial of

exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). As our Supreme Court has held, § 9543(a)(2)(vi) is satisfied where the PCRA petitioner establishes that:

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Washington*, 927 A.2d 586, 595 (Pa. 2007); *see also Commonwealth v. Abu–Jamal*, 720 A.2d 79, 94 (Pa. 1998). Whether a petitioner seeks the withdrawal of a guilty plea or a new trial, the burden of proof is the same. *Commonwealth v. Peoples*, 319 A.2d 679 (Pa. 1974). Therefore, any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. *Id*. at 681.

When reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court determines whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa.Super. 2012). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Martinez*, 917 A.2d 856, 859 (Pa.Super. 2007). "If a trial court erred in

its application of the law, an appellate court will correct the error." **Commonwealth v. Hernandez**, 886 A.2d 231, 235 (Pa.Super. 2005).

In the certification, Angel Suarez ("co-defendant") avers that Appellant is innocent because his friend Charlie was actually with him for the initial fight and then his friend Pito engaged in the shooting alongside him. In his letter, co-defendant alleges that he deliberately misled detectives during his interview by giving them Appellant's name, while confessing his own involvement, because he was suffering withdrawal symptoms and in fear of spending the rest of his life in prison.

The PCRA court dismissed the petition without a hearing. It found that the certification did not constitute after-discovered evidence because Appellant could have obtained it earlier since he "would know, [and] must have known whether or not he was at the crime scene." N.T. Status Conference, 4/27/18, at 7. I agree.

First, Appellant's co-defendant was a known witness pre-plea. Moreover, Appellant acknowledged on the record at the guilty plea that he had engaged in the shooting incident that resulted in the victim's death. Therefore, as conceded by the majority,[1] he cannot seek to withdraw his plea by alleging that he lied at his plea hearing. *See*, *e.g.*, **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003) (reiterating the well-settled

---

[1] The majority relies on this principle in its analysis of Appellant's first two ineffectiveness claims, yet ignores it in its discussion of this issue. **See** Majority Memorandum at 8.

principle that a person who elects to plead guilty is bound by the statements he makes in open court while under oath, and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy).

The majority concludes that, based on co-defendant's previous statement to police that Appellant was one of the shooters, this letter amounts to a recantation and that an evidentiary hearing is needed. However, the majority is too quick to accept co-defendant's statement at face value, since nothing in the guilty plea factual summary indicates that the co-defendant ever implicated Appellant pretrial. As such, I discern no abuse of discretion in the PCRA court's conclusion that the outcome would not have been different even with the testimony of Appellant's co-defendant. Appellant and co-defendant chose to discharge their firearms at someone while innocent bystanders were in their immediate presence. Their intended target was co-defendant's father. Not surprisingly, Appellant was identified from a photo array by multiple eyewitnesses, including one of his targets, Mr. Wolbert. The eyewitness identifications, along with Appellant's own admission of criminal culpability, resulted in overwhelming evidence of Appellant's guilt. Thus, an isolated statement by Appellant's co-defendant over a year after the guilty plea was entered is not enough to overcome the substantial evidence of Appellant's guilt.

For the above reasons, I would affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.