J-S59025-19
J-S59026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAQUAN PERNELL | : | |
| | : | |
| Appellant | : | No. 3215 EDA 2018 |

Appeal from the PCRA Order Entered October 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-12715-2010

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAMIR LEE | : | |
| | : | |
| Appellant | : | No. 72 EDA 2019 |

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003299-2011

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 03, 2019**

Laquan Pernell and Tamir Lee (Appellants) each appeal from an order,[1] entered in the Court of Common Pleas of Philadelphia County, denying their petitions filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA), without a hearing. After our review, we affirm.

On December 11, 2012, at a joint guilty plea hearing, Appellants each entered guilty pleas to third-degree murder, conspiracy to commit murder, and possession of an instrument of crime.[2] The guilty pleas stemmed from Appellants' involvement in the 2010 murder of Aaron Lewis. The court sentenced both Appellants to twenty-five to fifty years' imprisonment. Appellants filed post-sentence motions, each of which was denied by operation of law. Neither filed a direct appeal.

On June 13, 2017, Pernell filed a counseled PCRA petition. The Commonwealth filed a motion to dismiss and the PCRA court, after review, issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Pernell did not respond and the PCRA court dismissed the petition without a hearing.

On January 29, 2015, August 14, 2015 and December 2, 2015, Lee filed *pro se* motions, each of which the court treated as PCRA petitions. **See** 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law

_____

[1] Pernell and Lee were scheduled to be tried together. They both entered guilty pleas following jury selection, and both raise the same issue on appeal. Pursuant to Pa.R.A.P. 513, we have consolidated these cases on appeal.

[2] The guilty pleas were negotiated as to charges, and open as to sentencing.

and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); ***see also Commonwealth v. Yarns***, 731 A.2d 581, 586 (Pa. 1999) ("The PCRA provides the sole means of obtaining collateral relief for claims that are cognizable under the PCRA."). The court appointed counsel for Lee and, thereafter, counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). The PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and Lee filed a response. The court, after reviewing the record, denied relief and granted counsel's petition to withdraw. Lee filed a *pro se* appeal. This Court, finding the petition was untimely and Lee had failed to plead and prove an exception to the jurisdictional time bar, affirmed. ***Commonwealth v. Lee***, 181 A.3d 1197 (Pa. Super. 2017) (Table). Lee did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. While the appeal was pending in our Court, Lee filed a counseled, second PCRA petition on June 21, 2017, raising a previously litigated claim involving newly discovered facts concerning Detective Ronald Dove. The PCRA court took no action until after this Court decided the pending appeal. On August 22, 2018, the PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On November 20, 2018, the court denied Lee's second PCRA petition.

Appellants timely appealed the orders dismissing their PCRA petitions. They each raise the following issue:

> Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant[s'] [PCRA]petition for relief based on newly[-]discovered evidence, on October 10, 2018 [with respect to Pernell] and on November 20, 2018 [with respect to Lee], without an evidentiary hearing, as impeachment[-] evidence[-]only material, which is also barred as being untimely filed, when the PCRA petition alleged misconduct in the habit and routine practice of the Homicide Unit and Detective Ronald Dove?

Appellants' Briefs, at 2.

Appellants point to the fact that on April 26, 2017, former Philadelphia Homicide Detective Ronald Dove entered a guilty plea to various charges involving obstruction of an investigation into the involvement of his girlfriend in a September 2013 homicide. The Philadelphia Police Department had dismissed Dove in November 2013 for misconduct, and he was arrested on January 21, 2015. On April 26, 2017, Dove entered a guilty plea to various charges, including unsworn falsification to authorities[3] and hindering apprehension or prosecution.[4]

Appellants argue that Dove's misconduct and improprieties indicate that the Homicide Unit routinely falsified evidence. Appellants argue that had trial counsel known of this, he would not have permitted them to enter guilty pleas and, had the court known, it would not have accepted Appellants' pleas.

We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error. ***Commonwealth v.***

---

[3] 18 Pa.C.S.A. § 4910(1).

[4] 18 Pa.C.S.A. § 4904(a)(1).

- 4 -

***Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** (quoting ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013)).

In this case, the PCRA court dismissed Appellants' petitions without a hearing. There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

Here, Appellants do not dispute their petitions are patently untimely;[5] they rely on the PCRA's newly discovered fact exception, 42 Pa.C.S.A. §

---

[5] The three exceptions to the PCRA time bar are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

9545(b)(1)(ii) to overcome the time bar, and argue their substantive after-discovered evidence claim has merit. The PCRA provides an exception to the one-year time bar where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The exception must be pleaded within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[6] Our Supreme Court has explained "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017).

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to

---

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[6] As of December 24, 2018, Section 9545(b)(2) now provides that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Because Pernell and Lee filed their PCRA petitions prior to December 24, 2017, the amendment does not apply here.

> impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806, 823 (Pa. 2004); **see [Commonwealth v.] Cox**, 146 A.3d [221] 227–28 [(Pa. 2016)] ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

**Burton**, **supra** at 629.

Appellant Purnell filed his PCRA petition on June 13, 2017. Appellant Lee filed his PCRA petition on June 21, 2017. The PCRA court stated that in order to comply with the sixty-day window to seek PCRA relief based on the newly discovered facts exception, Appellants would have had to have filed their petitions within sixty days of January 22, 2015, the date that Dove was arrested. The PCRA court found Appellants failed to exercise due diligence and, therefore, their petitions were untimely. 42 Pa.C.S.A. § 9545(b)(2). The PCRA court determined, however, that even had Appellants exercised due diligence, their claims would fail.

We find Appellants timely filed their petitions within 60 days of the date Dove entered his guilty plea. Even accepting that Appellants' claims satisfy the newly discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), we agree with the PCRA court's determination that Appellants have not raised a genuine issue of material fact that would entitle him to PCRA relief on the basis of after-discovered evidence.

> Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three

exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under the PCRA. Section 9543, titled "[e]ligibility for relief," governs this inquiry. Among other requirements not pertinent to this appeal, section 9543 delineates seven classes of allegations that are eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Of relevance here is the "after-discovered evidence" provision, which states that a claim alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced" is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi).

*Commonwealth v. Cox*, 146 A.3d at 228. As stated above, to establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *D'Amato*, 856 A.2d at 823.[7]

---

[7] Appellants pleaded guilty rather than choosing to go to trial. Ordinarily, a plea of guilty waives all defects and defenses except lack of jurisdiction, legality of the sentence, and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). However, in *Commonwealth v. Peoples*, 319 A.2d 679 (Pa. 1974), the Pennsylvania Supreme Court held that an after-discovered evidence claim is available to a defendant who pleads guilty.

> We are of the opinion that any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. It would be incongruous to allow a defendant a new trial on the basis of after-discovered evidence when he has already had one trial, but to deny him a new trial on the basis of such evidence merely because he had originally decided not to go to trial, but plead guilty, perhaps because he did not have the additional evidence.

*Id.* at 681.

Here, Appellants rely on Dove's *crimen falsi* convictions, in an unrelated matter, that occurred five years after they entered their guilty pleas.[8] Appellants allege that their guilty pleas were coerced by Dove and the other detectives in the Homicide Unit, that Dove's convictions buttress their claim of widespread corruption in the Homicide Unit, and that this evidence is relevant to establish "habit and custom," in the Homicide Unit. *See* Pa.R.E. 406. Thus, Appellants claim, the convictions would not solely be used for impeachment purposes. We disagree. Unless Appellants can establish a sufficient nexus to their cases, Dove's convictions can be used only for impeachment purposes. *See Commonwealth v. Johnson*, 179 A.3d 1105, 1122-23 (Pa. Super. 2018).

Here, Dove took a written inculpatory statement from Lee. *See* N.T. Preliminary Hearing, 3/22/11, at 6-7. Although Dove was the assigned detective in Pernell's case, Detective James Burns and Detective Angela Gaines took Pernell's statement. *See* N.T. Preliminary Hearing, 10/13/10, at 4-5, 14. If in fact Appellants were "coerced" to make statements, which is the basis of their claims, they would have been aware of that fact at the time of their pleas, well before Dove's arrest or convictions. None of these

_____

[8] Numerous defendants in recent years similarly and unsuccessfully have sought relief under the PCRA due to former Detective Dove's criminal misconduct. As noted above, Dove entered a guilty plea on April 26, 2017. We take judicial notice of the criminal docket at CP–51–CR–0001382–2015, *Commonwealth v. Ronald S. Dove*, and the convictions reflected on thereon.

allegations is supported by the record, nor were they raised at the joint guilty plea colloquy or in prior filings. Further, at the plea colloquy, Appellants acknowledged the factual bases of their pleas, their roles in the murder, and that no threats were made to induce their pleas. *See* N.T. Guilty Plea, 12/11/12, at 10, 13-20.

Finally, Dove's criminal misconduct in protecting his girlfriend, which occurred several years after Appellants' guilty pleas, has no nexus to Appellants' particular cases. Dove's subsequent misconduct and convictions could not influenced Appellants' prior decisions to plead guilty. Therefore, Appellants cannot show that the proffered "evidence" of Detective Dove's convictions would compel a different result. Unless Appellants can show that somehow Dove's future obstruction in a personal matter affected the validity of their earlier guilty pleas, Dove's convictions could be used only for impeachment purposes. *See Johnson*, *supra* (petitioner not entitled to relief based on newly discovered evidence of subsequent criminal convictions of detective). *See also Commonwealth v. Foreman*, 55 A.3d 532 (Pa. Super. 2012) (filing of criminal charges against detective in unrelated matter does not meet after-discovered evidence test since such evidence would be used solely to impeach the credibility of the detective).

Appellants were not entitled to a PCRA evidentiary hearing as they failed to support their claims that Detective Dove manipulated or induced their confessions or guilty pleas. Thus, because Dove's convictions could be used only for impeachment purposes, and the evidence of those convictions is not

exculpatory and would not have altered the outcomes here, the PCRA court properly denied relief. We find no error. **Springer**, **supra**.

Orders affirmed.

Judge McLaughlin joins this Memorandum.

Judge Nichols did not participate in the consideration or decision of this matter.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

- 11 -