J-S06028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS PEREZ | : | |
| | : | |
| Appellant | : | No. 1704 EDA 2018 |

Appeal from the PCRA Order May 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010665-2011

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 12, 2019**

Appellant, Carlos Perez, appeals from the Order entered May 21, 2018, dismissing his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm in part, vacate in part, and remand with instructions that the PCRA court conduct a limited evidentiary hearing.

Appellant entered a negotiated guilty plea based on the following factual predicate presented by the Commonwealth at his plea hearing:

On April 15, 2011, Appellant and his co-defendant, Angel Suarez, Jr., drove in a burgundy Honda Accord with a black-primer-painted door to the 3,000-block of Water Street in Philadelphia to physically confront Mr. Suarez's father. N.T. Plea, 7/1/13, at 60. An altercation ensued. When a neighbor intervened, Appellant fled the scene with his co-defendant. ***Id.***

Approximately ten minutes later, eyewitnesses observed the same two men, *i.e.*, Appellant and his co-defendant, return to the scene in the same car, this time carrying firearms. *Id.* at 61. Eyewitnesses further observed these two men chase Mr. Suarez's father and the neighbor, repeatedly firing their guns at them. *Id.* During this second altercation, Appellant and his co-defendant shot a bystander, Sandra Laboy. *Id.* Ms. Laboy died from a gunshot wound to the back. *Id.* Following an investigation, both Mr. Suarez's father and the neighbor positively identified Appellant as one of the shooters. *Id.* at 62.

In July 2013, Appellant entered a negotiated plea of guilty to Third-Degree Murder, Conspiracy, and Possession of Instruments of Crime (PIC).[1] *Id.* at 69-71. In exchange for his plea, the Commonwealth withdrew numerous charges and recommended a sentence of twenty to forty years of incarceration. *Id.* at 22. Following a comprehensive colloquy, the trial court accepted Appellant's plea and sentenced him pursuant to its negotiated terms. *Id.* at 69, 75-76.

Appellant did not appeal from the Judgment of Sentence. However, in June 2014, Appellant timely filed *pro se* a Petition for collateral relief, asserting ineffective assistance of counsel and after-discovered evidence. *Pro Se* Petition, 6/30/14, at 7 (as well as supplemental pages attached thereto). Appellant attached to his *Pro Se* Petition an affidavit from Mr. Suarez, his co-

---

[1] *See* 18 Pa.C.S. §§ 2502(c), 903(c), 907(a), respectively.

defendant, in which Mr. Suarez attests that he "had done wrong by putting someone in this position that is innocent," and that a friend known to him as "Pito" participated in the shooting. *Id.*, Exhibit 2 at 2 (English Translation of Mr. Suarez's Affidavit). Based on this evidence, Appellant sought to withdraw his plea and proceed to trial. *Id.* at 5. Thereafter, appointed counsel filed an amended Petition, re-asserting these claims. Petition, 5/30/17.

Following notice, the PCRA court dismissed Appellant's Petition without a hearing. PCRA Ct. Order, 5/21/18. Appellant timely appealed and filed a Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion. *See* PCRA Ct. Op., filed 8/6/18.

Appellant raises the following issues on appeal, restated and reorganized for clarity:

1. Whether the PCRA court erred in denying Appellant's request for an evidentiary hearing on his after-discovered evidence claim pursuant to Pa.R.Crim.P 908.

2. Whether the court erred in denying Appellant a hearing to evaluate counsel's ineffectiveness because:

   a. Counsel failed to bring an Spanish-language interpreter to out-of-court meetings with Appellant and, therefore, was unable to advise Appellant regarding his defense;

   b. Counsel failed to ensure that the entire written plea colloquy was translated into Spanish;

   c. Counsel failed to preserve the issue of severance for appeal.

*See* Appellant's Br. at 4.

- 3 -

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)).

In this case, the court dismissed Appellant's Petition without a hearing. The court has discretion to dismiss a petition without a hearing when it is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1); **see also Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008); **but see** Pa.R.Crim.P 908 (A)(2) ("[T]he judge shall order a hearing . . . when the petition for post-conviction relief . . . raises material issues of fact."). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Springer**, 961 A.2d at 1264.

In his first issue, Appellant asserts that his Petition raises a genuine issue of material fact, thus obligating the PCRA court to hold an evidentiary hearing. Appellant's Br. at 12-17. According to Appellant, his co-defendant's affidavit constitutes after-discovered evidence and identifies "the actual second shooter." **Id.** at 9 (emphasis removed). Given this new evidence,

Appellant concludes, "which if prove[n] would establish actual innocence, a hearing is an absolute necessity." *Id.* at 17 (emphasis removed).

Generally, an appellant who has pleaded guilty "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Commonwealth v. Heaster***, 171 A.3d 268, 271 (Pa. Super. 2017). However, our Supreme Court has determined that "any after-discovered evidence [that] would justify a new trial would also entitle a defendant to withdraw his guilty plea." ***Commonwealth v. Peoples***, 319 A.2d 679, 681 (Pa. 1974) (so holding in the context of the Post Conviction Hearing Act, the statutory predecessor to the PCRA).

In this case, the Commonwealth represented to the court that it was prepared to prove, through eyewitness testimony, that it was Appellant and his co-defendant who fired guns in the direction of Mr. Suarez's father and neighbor, striking a bystander in the back and killing her. N.T. Plea at 60-63. In addition, the Commonwealth had secured a statement from Appellant's co-defendant "admitting to his participation in the offense." *Id.* at 63. Balanced against this proffer, Appellant has obtained an allegedly exculpatory statement from his co-defendant, which suggests Appellant's innocence and specifically identifies another individual as co-defendant's accomplice. *Pro Se* Petition, Exhibit 2 at 2.

Because this statement challenges evidence proffered by the Commonwealth, Appellant has established a genuine issue of fact relevant to

- 5 -

his after-discovered evidence claim and which may support his request to withdraw his guilty plea and proceed to trial. **See Peoples**, 319 A.2d at 681. Accordingly, the PCRA court erred in denying Appellant relief without first conducting a hearing to consider this evidence. **Springer**, 961 A.2d at 1264; Pa.R.Crim.P 908 (A)(2).[2]

In his second issue, Appellant asserts the PCRA court erred in denying his ineffective assistance of counsel claims without first conducting an evidentiary hearing. Appellant's Br. at 11. According to Appellant, a hearing was necessary to determine whether: (1) Appellant was aware that his former counsel should have met with him using an interpreter; (2) Appellant fully understood the gravamen of his plea, as the written documents were not fully translated into Spanish; and (3) Appellant understood that there was a potential **Bruton**[3] problem and should have moved to sever his trial from that of his co-defendant. **Id.**

_____

[2] We do not address the merits of Appellant's after-discovered evidence claim, as it is the function of the PCRA court to evaluate the credibility of Appellant's evidence and determine, in the first instance, whether his claim warrants relief. Our Supreme Court has instructed that "[i]n order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result." **Peoples**, 319 A.2d at 681; **see also** 42 Pa.C.S. § 9543(a)(2).

[3] **Bruton v. United States**, 391 U.S. 123 (1968) (holding that admission of co-defendant's confession, implicating defendant at a joint trial, constituted prejudicial error).

- 6 -

Appellant contends that plea counsel was ineffective. We presume counsel is effective. **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. **See Jarosz**, 152 A.3d at 350 (citing **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009)).

Appellant's first two claims of ineffectiveness involve his decision to plead guilty. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." **Fears**, 86 A.3d at 806–07 (citation omitted).

According to Appellant, counsel's failure to consult with Appellant through an interpreter regarding discovery and possible trial strategies and, further, counsel's failure to ensure that the entire written plea colloquy form was translated entirely into Spanish rendered his plea involuntary or unknowing. **See generally** Appellant's Br. at 11, 14-15, 18-20. We disagree.

It is well settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citing ***Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999)).

The record of Appellant's extensive plea colloquy—conducted with the benefit of an interpreter—establishes that he fully understood his rights and voluntarily pleaded guilty. ***See*** N.T. Plea at 17-78. For example, after explaining to Appellant his absolute right to a trial, the process of selecting a jury, and the presumption of his innocence, the plea court described the manner in which Appellant could challenge the Commonwealth's evidence and present a defense. ***Id.*** at 38-40. The court repeatedly inquired whether Appellant understood these rights, whether he had discussed these rights with his counsel, and whether he was satisfied with counsel's services. ***Id.*** at 48-49. Appellant stated specifically that he was satisfied with counsel's services. ***Id.*** at 49. Similarly, the court discussed the written colloquy form with Appellant, inquired whether he had reviewed it with counsel and whether, after review, he understood each line on the form. ***Id.*** at 65-66. Appellant answered affirmatively. ***Id.***

Based on this record, we discern no issues of material fact relevant to these claims that would mandate a hearing before the PCRA court. Further, the record establishes that Appellant knowingly and voluntarily pleaded guilty.

Accordingly, the PCRA court did not err in denying Appellant's claims without a hearing. **Springer**, 961 A.2d at 1264; **Pollard**, 832 A.2d at 523; **Fears**, 86 A.3d at 806-07.

In his final claim of ineffectiveness, Appellant asserts that plea counsel should have discussed with him a potential **Bruton** issue. Appellant's Br. at 11, 21-26. Further, according to Appellant, plea counsel should have preserved this claim for appellate purposes. **Id.** at 23.

As stated, *supra*, an appellant who has pleaded guilty "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Heaster**, 171 A.3d at 271. Appellant knowingly and voluntarily pleaded guilty. Therefore, he has waived the underlying **Bruton** claim, and there is, thus, no merit to Appellant's ineffectiveness claim.[4] **Id.**

In summary, the PCRA court erred in denying Appellant's after-discovered evidence claim without first conducting an evidentiary hearing to consider a genuine issue of fact regarding the statement of Appellant's co-defendant. Thus, we vacate the court's Order in part and remand for an evidentiary hearing limited to this issue. On remand, the PCRA court shall

---

[4] In light of Appellant's waiver, we need not address the merits of Appellant's potential **Bruton** issue. Nevertheless, the certified record undermines the premise of Appellant's ineffectiveness claim, as it appears counsel actually filed a Motion to Sever prior to Appellant's plea. **See** Commonwealth's Response to [Appellant] Carlos Perez's Motion to Sever, 11/30/12.

consider Appellant's after-discovered evidence claim in light of our Supreme Court's holding in **Peoples**.  We affirm the PCRA court in all other respects.

Order affirmed in part and vacated in part; case remanded for further proceedings; jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Bowes files a Concurring/Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/19