J-S16038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY TAYLOR | : | |
| | : | |
| Appellant | : | No. 115 EDA 2020 |

Appeal from the PCRA Order Entered December 6, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002919-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED AUGUST 6, 2021**

Appellant, Corey Taylor, appeals from the order entered by the Court of Common Pleas of Philadelphia County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. Herein, Appellant contends his guilty plea counsel ineffectively failed to advise him that one of the police officers involved with supervising the controlled buys in the present case was facing charges of official misconduct in his handling of confidential informants. After careful review, we affirm.

The PCRA court provides an apt summary of relevant facts and procedural history, as follows:

On January 20, 2017, Appellant was arrested and charged with Possession with Intent to Deliver ("PWID"). On July 5, 2017,

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant's co-defendant[], Anthony Roebuck[], [had his] case . . . *nolle prossed* when the assigned ADA exercised prosecutorial discretion.

On September 29, 2017, Appellant entered into a negotiated guilty plea and was sentenced the same day to two and one half to five years of imprisonment with five years state probation to run consecutively. [In] October 2017, Appellant filed a ["]Motion for a New Trial Based Upon After Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of Habeas Corpus.["] This motion was docketed as the Appellant's first PCRA petition.

On April 2, 2018, Appellant filed an amended PCRA petition in which he alleged . . . after-discovered evidence [regarding a criminal investigation into the official conduct of the arresting officer in his case, Philadelphia Police Officer Stanley Davis,] to challenge his conviction. In his petition, Appellant claimed two grounds upon which relief could be granted. [Of relevance to the present appeal,] Appellant claimed that his negotiated guilty plea was not intelligently and knowingly made because [plea counsel] . . . denied [him] crucial information regarding Officer Davis' [alleged] criminal conduct [while handling confidential informants used in controlled buys] and because he did not know that his co-defendant's case was *nolle prossed* as a result of Officer Davis' pending indictment.[fn]

---

Fn. Officer Stanley Davis was an arresting officer in the Appellant's case. Davis was indicted on drug charges relating to Davis selling drugs, using drugs as currency in exchange for sex with informants, along with other related criminal conduct. [Defendant's Motion, *supra*, at 2.]

---

On November 1, 2019, following a hearing on the amended PCRA petition, a 907 Notice of Intent to Dismiss was mailed to the Appellant. On December 6, 2019, the Appellant's PCRA petition was formally dismissed as meritless.

On December 12, 2019, a Notice of Appeal was filed by the Defender Association to preserve Appellant's appellate rights. The appointment of the Defender was vacated and new counsel was appointed to pursue the appeal of the dismissal of the PCRA,

however, rather than immediately issuing a 1925(b) Order, the Notice was placed in Appellant's file. . . .  On August 23, 2020, [the PCRA court issued a 1925(b) Order and on September 10, 2020, the Appellant filed a Statement of Matters Complained of on Appeal.

After reviewing the petition, [the PCRA] court [deemed] the petition meritless.  [This timely appeal followed.]

PCRA Court's Pa.R.A.P. 1925(a) Opinion, 10/21/20, at 2-3.

Appellant raises the following issues in his counseled brief on appeal:

1. [Did] the court err[] in denying the Appellant's PCRA petition without an evidentiary hearing on the issue of after-discovered evidence[?]

2. [Did] the PCRA court err[] in not granting relief on the issue [of] after-discovered evidence[?]

Appellant's brief, at 7.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Reaves***, 923 A.2d 1119 (Pa. 2007).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa. Super. 2001).  Counsel cannot be found ineffective for failing to raise a baseless or meritless claim. ***See id***.

Additionally, the PCRA court has discretion to dismiss a petition without a hearing when it is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 907(1); ***see also Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa.

Super. 2008); *but see* Pa.R.Crim.P 908 (A)(2) ("[T]he judge shall order a hearing ... when the petition for post-conviction relief ... raises material issues of fact."). "A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264. A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Appellant's issues coalesce to state he would not have entered a negotiated guilty plea had counsel informed him of Officer Davis' indictment and the dismissal of co-defendant Anthony Roebuck's charges. His after-discovered evidence claim couched within the ineffective assistance of counsel claim warranted an evidentiary hearing before the PCRA court, he continues, because the evidence against Officer Davis as it existed at the time of his plea created an issue of material fact as to whether he would have obtained a more favorable result by withdrawing his guilty plea and proceeding to trial.

In addressing an ineffectiveness assistance of counsel claim, we are guided by the following legal principles. We presume counsel is effective and an appellant bears the burden to prove otherwise. *See Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). To succeed on an ineffectiveness claim, an appellant must establish by a preponderance of the evidence that: (1) [the] underlying claim is of arguable merit; (2) the particular course of

conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010). The failure to satisfy any prong of the test requires rejection of the claim. ***See Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

> A criminal defendant has the right to effective counsel during a plea process. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).

"In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea." ***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999). "[T]he decision to litigate, or not litigate, . . . is left to counsel in the exercise of his or her professional judgment. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa. Super. 2018) (citations omitted).

To be entitled to relief on the basis of exculpatory after-discovered evidence, the petitioner must plead and prove by a preponderance of the

evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). As our Supreme Court has summarized:

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008) (citations omitted). "The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted."

***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citation omitted).[1] Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case. ***Commonwealth v. Reese***, 663 A.2d 206 (Pa. Super. 1995).

---

[1] A claim of after-discovered evidence within a timely post-conviction petition is distinct from the newly discovered fact exception to the PCRA's time-bar. ***See Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017).

Instantly, after a careful review of the record,[2] party briefs, the PCRA court's Rule 1925(a) Opinion, and relevant authority, we likewise conclude Appellant's underlying claim of after-discovered evidence regarding Officer Davis' criminal conduct in matters unrelated to Appellant's case does not meet

_____

[2] Appellant has failed to ensure that copies of transcripts, including the guilty plea transcript, were included in the certified record. Nor does the record contain any request for transcripts pursuant to Pa.R.A.P. 1911.

It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review his claims. ***See, e.g., Commonwealth v. Tucker***, 143 A.3d 955, 963 n.3 (Pa. Super. 2016). It "is not proper for [this Court] to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc* ). Rather, an "appellant *shall* request any transcript required under" the Rules of Appellate Procedure. Pa.R.A.P. 1911(a) (emphasis supplied). The rule provides a form upon which parties may model their requests. ***See*** Pa.R.A.P. 1911(c). We may dismiss an appeal when the appellant fails to comply with Rule 1911. ***See*** Pa.R.A.P. 1911(d).

Furthermore, we observe that the Court of Common Pleas of Philadelphia County Local Rules of Judicial Administration provide that an appellant must request a transcript using a "Transcript Order Form." ***See*** Phila. County L.R. 5000.5(a). When the transcript is being requested for the purpose of a post-verdict motion or an appeal, the request form must be filed with the trial court as well as with the Prothonotary of the appropriate appellate court. ***See*** Phila. County L.R. 5000.5(c)(2)(i, x).

There is no indication in the certified record that Appellant made any effort to comply with Pa.R.A.P. 1911 or the requirements imposed by the local rule. However, we decline to impose waiver doctrine in this matter, as we deem the record sufficient to dispose of the present appeal on the merits. ***See*** *infra.*

the doctrine's requirement that the evidence likely would have changed the outcome of the case.[3]

Specifically, Appellant fails to allude to any evidence or information creating a nexus between Officer Davis' misconduct while working with confidential informants in other cases and the investigation into Appellant's distribution of narcotics that led to his arrest and eventual guilty plea. Most detrimental to Appellant's claim in this regard is an undisputed arrest report confirming that multiple law enforcement officers, which included a SEPTA police officer, FBI agents, and other Philadelphia Police Department Drug Task Force officers, worked on every critical aspect of the operation and witnessed Appellant's criminal conduct during all relevant times.

---

[3] A non-precedential decision of this Court has questioned, in *dicta*, whether an after-discovered evidence claim raised by a defendant seeking to withdraw their guilty plea is cognizable under the PCRA. In **Commonwealth v. Poole**, 241 A.3d 374 (Table), 20 WL 5951463 unpublished memorandum (Pa. Super. filed October 7, 2020), we observed:

> Where a defendant had pleaded guilty it is incongruous to say that new evidence would 'change the outcome of the trial if it had been introduced,' as there was no trial. Under prior law, however, such claims were cognizable in post-conviction proceedings. **See Commonwealth v. Peoples,** 319 A.2d 679, 681 (Pa. 1974) (construing the Post Conviction Hearing Act).[]

**Poole**, at **2. Although **Poole** is a non-precedential decision, we cite it because we find it instructive to the extent it raised the question of cognizabilty before opting to engage in merits review. **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Indeed, Appellant attached the police arrest report to his PCRA petition to establish Officer Davis' role in the investigation leading to his arrest, but the report confirms the multi-agency effort in surveilling Appellant, preparing the federal confidential informant, arranging and supervising the controlled buys made with pre-recorded money supplied by the FBI, and effecting Appellant's arrest. Specifically, the report states:

> IN JAN. 2017 TASK FORCE OFFICER DAVIS JR #9660 ALONG WITH TASK FORCE OFFICER RAMOS #394 AND [FBI] SPECIAL AGENT MATT KING MET WITH A FEDERAL INFORMANT WHO PROVIDED THE ABOVE WITH SPECIFIC INFORMATION REGARDING A B/M KNOWN AS "C" [Appellant] LIVING IN A COUPLE BLOCK RADIUS OF HUNTING PARK AVE (BALD, GLASSES, MED COMPL, APPROX 30'S) SELLING POWDER COCAINE AND CRACK COCAINE FROM THE CELL PHONE NUMBER OF 215-421-1131 IN THE AREA OF THE 39TH DISTRICT IN AND AROUND A BAR NAMED "TENDER TOUCH" AT 1901 WEST HUNTING PARK AVE.

> ON 1-17-17 IN THE AFTERNOON HOURS TASK FORCE OFFICER DAVIS JR # 9660 AND SPECIAL AGENT KING MET WITH THE SAME FEDERAL INFORMANT AND THE INFORMANT WAS SEARCHED ACCORDING TO POLICY AND PROVIDED WITH PRE-RECORDED BUY MONEY (FEDERAL - $4300 USC) AND A PHONE CALL WAS MADE TO THE SAME CELL NUMBER LISTED ABOVE IN REFERENCE TO PURCHASING 4 AND ½ OUNCES OF CRACK COCAINE. A B/M VOICE ANSWERED AND A POSITIVE NARCOTIC CONVERSATION WAS MADE AND A MEET WAS SET UP AT THE "TENDER TOUCH BAR" 1901 WEST HUNTING PARK AVE.

> SURVEILLANCE WAS BEING CONDUCTED AT THE BAR AND THE SURROUNDING AREAS BY TASK FORCE OFFICERS AND FBI AGENTS IN NUMEROUS VEHICLES. AFTER THE PHONE CALL WAS MADE A B/M BALD, GLASSES, MED COMPL (FITTING THE DESCRIPTION GIVEN BY THE FEDERAL INFORMANT) AND IDENTIFIED BY THE INFORMANT EXITED THE BAR AND WAS OBSERVED ENTERING A BLACK TOYOTA CAMRY PA TAG KDM-

4799 OPERATED BY A B/M AND THE VEHICLE LEFT THE AREA UNDER CONSTANT OBSERVATION.

THE VEHICLE WAS FOLLOWED UNTIL IT MET WITH A BLUE BUICK NJ TAG X50 DZF LACROSSE OPERATED BY A B/M (LATER IDENTIFIED AS RAHEEM WHITNEY 4 FLURY LANE CLEMENTON NJ) AND A FRONT SEAT B/F PASSENGER. TARGET OF INVESTIGATION GETS INTO THE REAR SEAT OF THE BUICK AND HANDS GREEN USC TO WHITNEY WHO ACCEPTED THE SAME AND HANDED BACK BLACK BAG (CONSISTANT WITH NARCOTIC TRANS-ACTION) OBSERVED BY P/O CULLEN #7196 ALONG WITH P/O DOMICO #4522.

NUMEROUS PHONE CALLS [WERE] MADE BY THE FEDERAL INFORMANT BACK TO 215-421-1131 AND ANOTHER MEET WAS SET UP FOR THE TENDER TOUCH BAR AFTER THE PRODUCT (NARCOTICS WERE COOKED INTO CRACK COCAINE FORM).

THE BLUE BUICK WAS NEVER OUT OF SITE AND FOLLOWED TO 4 FLURY LANE CLEMENTON BOTH PARTIES WENT INSIDE AND FBI OFFICE CAMDEN COUNTY NOTIFIED.

LATER THAT EVENING "C" WAS OBSERVED EXITING THE BAR AND WALKING AND ENTERING 3938 ALFRED ST.  HE THEN EXITED WALKING DIRECTLY TO THE BAR (1901 WEST HUNTING PARK AVE) AND ENTERED THE INFORMANTS VEHICLE AND THE EXCHANGE BUY MONEY FOR 4 ½ OUNCES OF CRACK COCAINE WAS COMPLETED. CONVERSARTION WAS CONDUCTED ABOUT THE PURCHASE OF 1 KILO OF POWDER COCAINE OR CRACK COCAINE IN THE FUTURE.  C EXITED AND WENT INSIDE THE BAR AND THE INFORMANT WAS FOLLWED OUT OF THE AREA TO A PRE-DETERMINED MEET AREA (NEVER OUT OF SIGHT AND TURNED OVER 122.25 GRAMS OF CARCK COCAINE TO SPECIAL AGENT KING AND TASK FORCE OFFICER DAVIS JR # 9660. THE INFORMANT WAS SEARCHED AGAIN WITH NEGATIVE RESULTS (ALONG WITH THE VEHICLE) P/O DAVIS JR # 9660 CONDUCTED A NIK TEST: "G" ON A SAMPLE OF THE NARCOTICS PURCHASED WITH POSITIVE RESULTS FOR COCAINE BASE AND THE NARCOTICS WERE PLACED ON PR # 3274981 AND SUBMITTED TO THE CHEM LAB FOR FURTHER PROCESSING.

ON 1-19-17 IN THE AFTERNOON HOURS SGT ROBERT FRIEL # 578 (TASK FORCE SGT FBI SQ C # 3) SET UP A SURVEILLANCE ON 3938 ALFRED STAND OBSERVED "C" ALONG WITH ANOTHER

UNKNOWN LARGE B/M MAKING HAND TO HAND TRANSACTIONS ON THE PORCH AND AT THE FRONT DOOR. NOBODY STOPPED NOT TO COMPROMISE THE INVESTIGATION.

"C" WAS ALSO OBSERVED GOING FROM THE RESIDENCE TO THE BAR NUMEROUS TIMES.  P/O DAVIS JR # 9660 ALONG WITH SPECIAL AGENT KING MET WITH THE SAME FEDERAL INFORMANT IN THE AFTERNOON HOURS AND A CELL PHONE CALL WAS MADE TO "C" # 215-421-1131 AND THE INFORMANT WAS INSTRUCTED TO GO TO THE BAR FOR CONVESATION [sic] IN REFERENCE TO THE PURCHASE OF 1 KILO OF COCAINE ON 1-20-17.  THE INFORMANT DID MET WITH "C" AND A PURCHASE PRICE OF $43,000 DOLLARS WAS DETERMINED.

WARRANT # 198578 WAS PREPARED BY P/O DAVIS JR # 9660 FOR 3938 ALFRED ST AND SIGNED AT CJC ON 1-20-17.  SGT FRIEL # 578 OBSERVED TWO FED PROBATION OFFICERS GO TO 3938 ALFRED ST AND ENTERED FOR APPROX 5 MINUTES AND IT WAS DETERMINED BY SUPERVISORY SPECIAL AGENT JAMES CROWLEY THAT ANTHONY ROBUCK 7-31-69 3938 ALFRED ST IS ON ACTIVE FEDERAL PROBATION.

ON 1-20-17 IN THE AFTERNOON HOURS P/O DAVIS JR # 9660 ALONG WITH P/O SLATER # 3687 AND FBI AGENT MATT KING MET WITH SAME INFORMANT UTILIZED ABOVE AND A PHONE CALL WAS MADE TO "C" 215-421-1131 FOR ANOTHER PURCHASE OF NARCOTICS AT THE BAR "TENDER TOUCH" 1901 WEST HUNTING PARK AVE. THE INFORMANTS [sic] CAR WAS SEARCHED PRIOR TO HEADING TO THE LOCATION WITH NEGATIVE RESULTS.  SGT FRIEL # 578 OBSERVED THE DEFT "C" (LATER IDENTIFIED AS COREY TAYLOR DOB 1-15-79) ENTER 3938 ALFRED ST FOR APPROX 5 MINUTES AND EXITED WITH THE LARGER BLK MALE (LATER IDENTIFIED AS ANTHONY ROBUCK DOB 7-31-69).

SURVEILLANCE WAS SET UP WITH NUMEROUS FBI AGENTS PHILA PLAINCLOTHES OFFICERS AND UNIFORM HIGHWAY PATROL # 52.  AGENT KING ALONG WITH TFO DAVIS JR # 9660 FOLLOWED THE FED INFORMANT DIRECTLY TO 1901 WEST HUNTING PARK AVE (NEVER OUT OF SIGHT). THE INFORMANT PARKED OUT FRONT FOR APPROX A COUPLE OF MINUTES.  SGT FRIEL # 578 OBSERVED THEM BOTH ENTERING THE BLK TOYOTA CAMRY LISTED ABOVE PA TAG KDM-4799 AND IT PULLED DIRECTLY AROUND THE CORNER AND TAYLOR GOT OUT AND ENTERED THE

INFORMANTS [sic] CAR WHILE ROBUCK PARKED ON 1900 BLK OF WEST HUNTING PARK.

AGENTS AND OFFICERS CAME IN FOR THE TAKE DOWN AND TAYLOR WAS ARRESTED BY SEPTA OFFICER RAMOS # 394 AND RECOVERED FROM THE FRONT OF HIS PANTS WAS 245.5 GRAMS OF CRACK COCAINE, AND 1 WHITE BAG OF POWDER. (PR # 3274984). ALSO IN POSSESSION OF TAYLOR WAS $ 110 USC (PR # 3274985)

ROBUCK WAS ARRESTED BY HIGHWAY OFFICERS RUTH # 1295 (232672) AND HOLMES # 2135 (237955) ALONG WITH P/O SLATER # 3687 AND P/O MYERS # 2103 AFTER THE CAMRY WAS BLOCKED IN THE PARKING SPOT. RECOVERED FROM HIS PERSON WAS $ 66 USC (PR # 3288422). ONE CELL PHONE AND KEY THAT OPENED FRONT DOOR OF 3938 ALFRED ST.

AT THIS POINT WARRANT # 198578 WAS EXECUTED ON 3938 ALFRED ST AND FORCE WAS USED FOR ENTRY. INSIDE WAS A B/M LATER IDENTIFIED ROBERT ARTIS (ROBUCKS COUSIN) DOB 8-27-69 WHO WAS CLEARED BY INVESTIGATION.

Philadelphia Police Department Arrest Report, 1/21/17, at 1-3.

This very record upon which Appellant relies, therefore, undercuts his claim that he would have experienced a more favorable outcome had counsel informed him of Officer Davis' indictment. The police report confirms that numerous federal and Philadelphia law enforcement officers and drug task force agents were present at and participated in each critical stage leading to Appellant's arrest, thus minimizing the importance of Officer Davis' contributions as those of but one member of a large team who worked in the presence of others.

Furthermore, Appellant overlooks that he pleaded guilty to the charges and is, thus, bound by the statements he made in both his written plea agreement and during his plea, including his agreement with the

Commonwealth's recitation of the facts. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (a defendant is bound by his statements made during a plea colloquy, and cannot assert claims that contradict those statements).

Finally, we find the opinion of the Honorable Lillian Ransom, Senior Judge of the Court of Common Pleas of Philadelphia County, salient on the question of whether Appellant presented any claim or argument in support of his PCRA petition that merited an evidentiary hearing on his ineffective assistance of counsel/after-discovered evidence claim. Specifically, Judge Ransom reviewed the record before the PCRA court and indicated:

> The email [between defense counsel and the prosecution] sent more than two months before the Appellant pled guilty . . . demonstrates that Appellant's trial counsel considered the possible implications of Officer Davis' termination from the Philadelphia Police Department and possible criminal charges, and spoke with opposing counsel about whether his client's case would be *nolle prossed* [as was the case with Appellant's co-defendant, Anthony Roebuck]. This email suggests that counsel was aware of the issue but that the Commonwealth was not willing to *nolle prosse* or felt that Officer Davis was not an integral part of Appellant's investigation.
>
> This inference was further supported at the mass police misconduct PCRA hearing held on November 1, 2019, where testimony provided by the Commonwealth asserted that Officer Davis was not a material or critical witness in the arrest of Appellant. No contrary evidence was presented on behalf of Appellant. As such, . . . because no testimony was presented on behalf of Appellant at the November 1, 2019 PCRA hearing, this court dismissed Appellant's petition as meritless.
>
> . . .

- 13 -

Based on the pleadings submitted by both parties, and the testimony during the mass police misconduct PCRA hearing, this court dismissed the PCRA petition and now enters a finding that the petition is without merit. This court further finds that any testimony provided by Officer Davis would not have compelled a different verdict in this case because Appellant did not allege that Officer Davis committed any of the criminal conduct in Appellant's case. Additionally, because this court finds no genuine issue of material fact, the Appellant was not entitled to an evidentiary hearing to further develop the record.

Opinion, at 6-7.

The PCRA court's rationale in support of its order denying relief is appropriate, as it outlines both the lack of a predominant or superseding position assumed by Officer Davis in the narcotics investigation and the failure of Appellant to allege any fact suggesting official misconduct in his case.

For the foregoing reasons, we conclude Appellant has made no demonstration that had he withdrawn his plea and opted for trial on the basis of this evidence he likely would have experienced a different or more favorable result. With his after-discovered evidence claim thus failing, it follows that his ineffective assistance of counsel claim predicated on plea counsel's failure to inform him of Officer Davis' legal issues in other cases necessarily lacks arguable merit. That is, counsel did not act ineffectively by failing to advise Appellant about a meritless defense before Appellant pled guilty. *See Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013) ("[C]ounsel obviously cannot be deemed ineffective for failing to raise a meritless claim.").

Accordingly, as the PCRA court was confronted with no issue of material fact regarding the adequacy of plea counsel's representation of Appellant, we

discern no error with the order denying PCRA relief without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021