J-S31033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN TYLER GUSCHEL | : | |
| | : | |
| Appellant | : | No. 445 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 10, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001159-2020,
CP-45-CR-0001192-2020, CP-45-CR-0001193-2020,
CP-45-CR-0001230-2020, CP-45-CR-0001265-2020,
CP-45-CR-0001814-2020, CP-45-CR-0003147-2019

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED SEPTEMBER 28, 2022**

Appellant, Jordan Tyler Guschel, appeals from the January 10, 2022, judgment of sentence entered in the Court of Common Pleas of Monroe County following his pleas of guilty and *nolo contendere* to various crimes in seven separate lower court docket numbers, which were consolidated by the trial court.

Specifically, at lower court docket number CP-45-CR-0001159-2020, Appellant pled guilty to possession of a controlled substance;[1] at lower court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

docket number CP-45-CR-0001192-2020, Appellant pled guilty to possession of an instrument of crime;[2] at lower court docket number CP-45-CR-0001193-2020, Appellant pled guilty to robbery;[3] at lower court docket number CP-45-CR-0001230-2020, Appellant pled guilty to possession of drug paraphernalia;[4] at lower court docket number CP-45-CR-0001265-2020, Appellant entered a plea of *nolo contendere* to receiving stolen property;[5] at lower court docket number CP-45-CR-0001814-2020, Appellant entered a plea of *nolo contendere* to flight to avoid apprehension and possession of a controlled substance;[6] and, at lower court docket number CP-45-CR-0003147-2019, Appellant pled guilty to intimidation of a witness.[7]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On July 8, 2021, Appellant, who was represented by counsel, appeared at a hearing where he entered pleas of guilty and *nolo contendere* in seven separate cases

---

[2] 18 Pa.C.S.A. § 907(a).

[3] 18 Pa.C.S.A. § 3701(a)(1)(v).

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S.A. § 3925(a).

[6] 18 Pa.C.S.A. § 5126(a) and 35 P.S. § 780-113(a)(16).

[7] 18 Pa.C.S.A. § 4952(a)(3).

to the charges set forth *supra*.[8]  On September 9, 2021, the trial court appointed Appellant new counsel.

On October 26, 2021, Appellant filed a counseled motion to withdraw his pleas in all seven cases.  Specifically, Appellant asserted he entered his pleas involuntarily since, when he entered his pleas, he was under the impression his pleas included a "closed, negotiated sentence;" however, he subsequently learned this was not the case.  **See** Appellant's Motion to Withdraw Pleas, filed 10/26/21, at 2.  Thus, he sought to withdraw his pleas in all seven cases.

On January 10, 2022, Appellant, who was still represented by counsel, proceeded to a hearing regarding his motion to withdraw his pleas.  At the hearing, Appellant raised a claim of after-discovered evidence in support of his presentence request to withdraw his pleas. Specifically, Appellant asserted he had a "new" witness who would establish his innocence.  N.T., 1/10/22, motion transcript, at 13-14. The trial court found no relief was due on the

---

[8] We note with disapproval that this Court has not been provided with the transcript from Appellant's October 26, 2021, plea hearing.  The record reveals that, for purposes of this appeal, Appellant specifically requested solely the transcript from January 10, 2022, which is the date the hearings on his presentence motion to withdraw his pleas and sentencing occurred.

after-discovered evidence claim and denied Appellant's motion to withdraw his pleas.[9]

The trial court then proceeded to the matter of sentencing, and defense counsel requested the trial court "impose standard range sentences." N.T., 1/10/22, sentencing transcript, at 3. Appellant apologized for his mistakes and indicated he hopes to better himself while he is in prison. *Id.* at 4.

The trial court noted Appellant has a lengthy criminal history, including "17 adult arrests, 2 juvenile arrests, [and] 9 convictions." *Id.* at 5. The trial court acknowledged Appellant has children, and the trial court stated it reviewed a presentence investigation report. *Id.* at 7. The trial court acknowledged Appellant's drug addiction, as well as his past attempts at drug rehab. *Id.* at 7-8. The trial court then sentenced Appellant to an aggregate of 73 months to 152 months for all seven cases. The trial court advised Appellant of his post-sentence and appellate rights. *Id.* at 13.

Appellant did not file a post-sentence motion; however, on February 3, 2022, Appellant filed a timely, counseled notice of appeal.[10] The trial court

---

[9] The trial court also determined there was no merit to Appellant's claim that his pleas were involuntarily entered because he was under the impression he was entering "closed" pleas with a negotiated sentence. As indicated *infra*, Appellant has abandoned on appeal his claim that his pleas were involuntarily entered on this basis.

[10] We note that Appellant filed a single notice of appeal, which listed each of his seven lower court docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal
*(Footnote Continued Next Page)*

directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely

complied, and the trial court filed a brief Rule 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of

Questions Involved" (verbatim):

A. Whether the Trial Court erred and abused its discretion when it denied Appellant's Motion to Withdraw His Guilty Plea where Appellant where Appellant [*sic*] proffered both a fair and just reason to withdraw his plea based on after-discovered evidence and a plausible claim of innocence and the Commonwealth failed to establish substantial prejudice?

---

when a single order resolves issues arising on more than one trial court docket. The Supreme Court of Pennsylvania has confirmed that, prospective to June 1, 2018, a notice of appeal that fails to comply with Rule 341 and its Note **may** result in quashal of the appeal. ***See Commonwealth v. Walker***, 646 Pa. 456, 185 A.3d 969 (2018), *abrogated in part,* ***Commonwealth v. Young***, __ Pa. ___, 265 A.3d 462, 477 n.19 (2021) (reaffirming ***Walker's*** holding that separate notices of appeal should be filed from an order that resolves issues arising on more than one docket, but "expressly overrul[ing] those statements in the [***Walker***] opinion indicating '[t]he failure to do so **requires** the appellate court to quash the appeal'") (quoting ***Walker***, 185 A.3d at 977 (emphasis added)). While ***Young*** now permits this Court, in our discretion, to remand for an appellant to correct a ***Walker*** error in his or her notice of appeal, as long as that appeal was timely filed, we need not do so in the present case.

In ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa.Super. 2019), this Court declined to quash an appeal under ***Walker*** where the PCRA court had misinformed the appellant about the manner in which to take an appeal by using the singular language when referring to the appellant's right to file "a" notice of appeal. ***Id.*** at 160. ***See Commonwealth v. Larkin***, 235 A.3d 350 (Pa.Super. 2020) (*en banc*) (reaffirming the holding in ***Stansbury*** that we may overlook requirements of ***Walker*** where breakdown occurs in court system where the defendant is misinformed or misled regarding his appellate rights).  In the present case, the trial court used similar language in advising Appellant of his appellate rights.  ***See*** N.T., 1/10/22, sentencing transcript, at 13 (sentencing court indicating Appellant may file "a" direct appeal). Thus, we decline to quash the appeal, and we overlook any non-compliance with ***Walker***.

B. Whether the Trial Court erred and abused its discretion [in imposing a] manifestly excessive [sentence] and/or inconsistent with the Sentencing Code and/or contrary to the fundamental norms underlying the sentencing process[?]

Appellant's Brief at 9 (suggested answers omitted).

In his first issue, Appellant claims the trial court erred in denying his presentence motion to withdraw his pleas of guilty and *nolo contendere* in his seven cases since he asserted a "fair and just reason" to withdraw his pleas. Specifically, Appellant asserts:

> The trial court erred and abused its discretion when it denied Appellant's motion to withdraw his…pleas on after-discovered evidence regarding a witness. Appellant's testimony at the hearing for the Motion to Withdraw Guilty Plea was largely based upon his claim of after-discovered evidence. The addition of a new witness who is willing to testify on behalf of Appellant constitutes a "fair and just reason" sufficient to withdraw his plea.
>
> ***
>
> It is well established that a defendant may withdraw his plea prior to sentencing for any fair and just reason. Appellant respectfully submits that this after-discovered evidence constitutes a fair and just reason to withdraw his plea and proceed to trial.

Appellant's Brief at 19-21.[11]

The following considerations govern the decision to grant or deny a presentence motion to withdraw a plea:

> (1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal

---

[11] Additionally, Appellant contends there is no evidence the Commonwealth would suffer "substantial prejudice" if he were permitted to withdraw his pleas. *Id.* at 21-23. However, in light of our discussion *infra*, we need not address this contention.

request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair and just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

*Commonwealth v. Norton*, 650 Pa. 569, 201 A.3d 112, 116 (2019) (quoting *Commonwealth v. Carrasquillo*, 631 Pa. 692, 115 A.3d 1284, 1292 (2015)).

A fair and just reason exists where the defendant makes a claim of innocence that is at least plausible. *Carrasquillo*, *supra*, 115 A.3d at 1292. "Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Norton*, *supra*, 201 A.3d at 120-21 (quoting *Carrasquillo*, *supra*, 115 A.3d at 1292). "[T]rial courts have discretion to assess the plausibility of claims of innocence." *Norton*, *supra*, 201 A.3d at 121.

We review the trial court's exercise of discretion as follows:

When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice,

bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

\*\*\*

[I]t is important that appellate courts honor trial court's discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

**Norton**, **supra**, 201 A.3d at 120-21 (citations omitted).

The trial court's discretion, however, is not unfettered. The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. **Id.** at 121.

Here, Appellant raises a claim of after-discovered evidence asserting he has a "new" witness whose testimony would establish his innocence, thus justifying a new trial and, as such, entitling him to withdraw his pleas of guilty and *nolo contendere* in his seven cases. **See Commonwealth v. Peoples**, 456 Pa. 274, 319 A.2d 679, 681 (1974) (stating the four-part after-discovered evidence test applies whether the petitioner seeks the withdrawal of a guilty plea or a new trial); **Commonwealth v. Heaster**, 171 A.3d 268, 273 n.6 (Pa.Super. 2017) (stating that, although a defendant's "sentence resulted from a plea of guilty, rather than as a result of trial, any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea") (quotation and quotation marks omitted)).

To obtain a new trial based on after-discovered evidence, the petitioner must satisfy a four-part test requiring the petitioner to demonstrate the [after-discovered] evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 647 Pa. 423, 189 A.3d 961, 972 (2018) (quotation omitted). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa.Super. 2010). In addition, the after-discovered evidence must be producible and admissible. *Small*, *supra*, 189 A.3d at 972.

During the hearing on Appellant's presentence motion to withdraw his pleas, Appellant testified regarding his alleged after-discovered evidence. Specifically, the relevant exchange occurred during defense counsel's direct examination of Appellant:

Q. [H]as more evidence come to light in the past month or two that has made you question your guilty plea?

A. Yes. There is a witness that is willing to testify as well as give a written statement that was present at the time they are claiming that I committed the crimes that I'm being convicted with.

[Defense Counsel]. Okay. Nothing Further, Your Honor.

N.T., 1/10/22, motion transcript, at 9.

Moreover, the following relevant exchange occurred during the Commonwealth's cross-examination of Appellant:

Q. And this new witness you say that exists, which case would that witness apply to? You have seven.

A. The felony, the one with the felonies. I believe the—is it Aggravated Assault? Am I correct?

THE COURT: No.

*Id.* at 13.

The trial court then questioned Appellant as follows:

BY THE COURT:

Q. Who is this witness that would testify?

A. Ashley Wheelis.

Q. And what would Ashley Wheelis testify to?

A. Me not doing the crimes that they are trying to accuse me of.

Q. Well, what would she testify to? What would she say you did or didn't do?

A. She would say that I had never ever assaulted someone or put my hands on someone in any physical manner.

THE COURT: Do you realize that you never---you didn't plead to any Aggravated Assault or assault charge on that. All right.

*Id.* at 13-14.

Based on the aforementioned, in ruling Appellant did not provide a "fair and just" reason to withdraw his pleas based on alleged after-discovered evidence supporting his innocence, the trial court relevantly indicated the following:

I think we are going out on a wing and a prayer….I do not find him credible about the witness testifying that he never laid his hands on anyone. He never pled to assault. The one potential case is that he intimidated a witness not to testify against him, but it doesn't say that he physically assaulted him. So, I think this is [Appellant] going out on a wing and a prayer.

- 10 -

I don't find his testimony about the potential witness convincing….[A]fter hearing on [Appellant's] Motion to Withdraw Guilty Plea, for the reasons stated of record, [Appellant's] Motion is DENIED.

*Id.* at 14-15.

Initially, we note the trial court did not believe Appellant's testimony Ashley Wheelis existed and/or she would testify on behalf of Appellant. This was within the trial court's discretion. ***See Norton***, ***supra*** (holding trial court has discretion to determine if claim of innocence is at least plausible). ***See also Small***, ***supra*** (holding after-discovered evidence must be producible).

Further, the trial court determined that, assuming Ashley Wheelis existed and would testify Appellant did not assault anyone, such evidence would not likely result in a different outcome for Appellant. ***See Small***, ***supra***. Specifically, Appellant pled guilty or *nolo contendere* in seven separate cases. Appellant asserted Ms. Wheelis would offer testimony of his innocence related to his plea to aggravated assault. N.T., 1/10/22, motion transcript, at 13. However, as the trial court aptly indicated, Appellant did not enter a plea to the charge of aggravated assault, and he did not otherwise establish which one of his seven cases would be implicated by Ms. Wheelis' testimony.

We conclude the trial court properly determined Appellant did not meet the four-part after-discovered evidence test, *i.e.*, he did not demonstrate Ms. Wheelis' testimony would have likely resulted in a different verdict for any of his cases if a new trial were granted. ***See Small***, ***supra***. Moreover, the trial court properly concluded Appellant did not offer a plausible claim of innocence

supporting a "fair and just reason" to withdraw his plea. **See Carrasquillo**, **supra**. Therefore, we find the trial court did not err in denying Appellant's presentence motion to withdraw his pleas of guilty and *nolo contendere*.[12]

In his next issue, Appellant claims the trial court abused its discretion in imposing a manifestly excessive sentence. Specifically, he claims the trial court failed to consider the mitigating factors or his rehabilitative needs.

It is well-settled that, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **See Commonwealth v. Moury**, 992 A.2d 162 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Our review of the record reveals Appellant failed to preserve his discretionary aspects of sentencing claims for appellate review.

---

[12] We note Appellant has abandoned on appeal his claim that his pleas were involuntarily entered since he mistakenly believed that his pleas included a closed, negotiated sentence.

Pennsylvania Rule of Appellate Procedure 302 provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Jarvis***, 663 A.2d 790, 791 (Pa.Super. 1995). "Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa.Super. 2003).

Here, our review of the record confirms Appellant did not object orally to his sentence during his sentencing hearing. Further, he did not file a written post-sentence motion presenting his claims.[13] Thus, he has waived his discretionary aspects of sentencing claims on appeal.[14] ***See id.***

For all of the foregoing reasons, we affirm.

---

[13] We specifically note Appellant was advised of his right to file post-sentence motions. N.T., 1/10/22, sentencing transcript, at 13.

[14] In any event, we note that there is no merit to Appellant's discretionary aspects of sentencing claims. As it pertains to Appellant's claim the trial court imposed an excessive sentence because it failed to consider the mitigating circumstances, we note the trial court specifically stated it considered a presentence investigation report. N.T., 1/10/22, sentencing transcript, at 7; ***Moury***, ***supra*** (holding that were the trial court had the benefit of a presentence investigation report the appellate court assumes the trial court was aware of and properly considered the mitigating factors). Moreover, regarding Appellant's claim the trial court failed to consider his rehabilitative needs in violation of 42 Pa.C.S.A. § 9721(b), the trial court discussed at length Appellant's drug addiction, his past failed attempts at rehab, and the fact Appellant can seek drug treatment while he is in prison, which will best serve his rehabilitative needs. N.T., 1/10/22, sentencing transcript, at 4-8; 42 Pa.C.S.A. § 9721(b).

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022